# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|   |   |
|---|---|
| IN RE: | ) CHAPTER 7 |
|  | ) |
|  | ) CASE NO. 05-67769 |
| ORVILLE E. ANDREWS AND | ) |
| BETTY J. ANDREWS, | ) JUDGE RUSS KENDIG |
|  | ) |
| Debtors. | ) **WRITTEN OPINION** |
|  | ) **(NOT INTENDED FOR** |
|  | ) **PUBLICATION)** |

On September 8, 2006, trustee Josiah L. Mason filed a motion to compromise estate claims against the debtor arising from debtor's accounts receivable. No objections were filed and the trustee submitted an order for the court's review. For the reasons contained herein, the court approves the compromise but declines to enter a judgment in trustee's favor.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

Debtors filed a chapter 7 petition on October 12, 2005. Trustee filed a motion to compromise the equity in debtors' accounts receivable on September 8, 2006. Through the compromise, trustee sought authorization to accept a fixed amount of $12,000.00 from debtors, as well as thirty-six percent of all accounts receivable for a one year period. The $12,000.00 sum was payable through an immediate payment of $2,000.00, with the balance payable in monthly installments of approximately $833.33 per month, the first installment payment due thirty days after entry of an order approving the compromise. Additionally, the compromise provided that if debtors defaulted on the payments, $64,000.00 would become due and payable, less any payments made.

The order submitted by the trustee authorized the trustee to accept the compromise and ordered debtors to make the payments, including turnover of thirty-six percent of the accounts receivable for a one year period, to the trustee. The order also contained a default

1

provision and provided that "[j]udgment is granted accordingly." The court, while willing to approve and authorize each an every term of the compromise, cannot grant judgment on a motion for compromise.

Federal Rule of Bankruptcy Procedure 7001 lists the types of actions that are adversary proceedings. The rule defines an adversary proceeding to include "a proceeding to recover money or property." Fed. R. Bankr. P. 7001(1). Further, Fed. R. Bankr. P. 7003 provides that an adversary proceeding is commenced by filing a complaint, not simply submitting a motion. Thus, it follows that a money judgment will proceed the filing of an adversary complaint. *See generally* Harris v. M.E.I. Diversified Inc., 156 B.R. 814 (Bankr. E.D. Mo. 1993); In re Smith and Son Septic and Sanitation Svc., 88 B.R. 375 (Bankr. D. Utah 1988).

In this case, the terms of the compromise are acceptable, but the court declines to enter a money judgment in trustee's favor in the absence of an adversary complaint.

An appropriate order is issued herewith.

/s/ Russ Kendig

RUSS KENDIG
UNITED STATES BANKRUPTCY JUDGE

JAN 31 2007

SERVICE LIST

Michael J. Moran
Gibson & Lowry
P.O. Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Josiah L. Mason
153 W. Main St.
P.O. Box 345
Ashland, OH 44805-2219